Nathan Brown (SBN 033482)
BROWN PATENT LAW
15100 N 78th Way, Suite 203
Scottsdale, AZ 85260
Phone: 602-529-3474
Email: Nathan.Brown@BrownPatentLaw.com

*Attorney for Plaintiff and the Proposed Class*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Darren MacDonald,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**Cactus Home Offer LLC**, an Arizona company,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Darren MacDonald ("MacDonald" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant Cactus Home Offer LLC ("Cactus Home Offer" or "Defendant") to stop Cactus Home Offer from violating the Telephone Consumer Protection Act ("TCPA") by sending unsolicited text messages to consumers without their consent, including texts to consumers registered on the National Do Not Call Registry (DNC), and to otherwise obtain injunctive and monetary relief for all persons injured by Cactus Home Offer's conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all

other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1. Plaintiff MacDonald is a Scottsdale, Arizona resident.

2. Defendant Cactus Home Offer is an Arizona company headquartered in Meza, Arizona. Cactus Home Offer conducts business throughout this District.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

4. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant has its headquarters in this District and directed its communications to Plaintiff from and into this District where the Plaintiff also resides.

## INTRODUCTION

5. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have

been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

7. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

8. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

9. According to online robocall tracking service "YouMail," 4.5 billion robocalls were placed in May 2024 alone, at a rate of 144.5 million per day. www.robocallindex.com (last visited June 9, 2024).

10. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

11. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

CLASS ACTION COMPLAINT
-3-

12. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

13. Defendant Cactus Home Offer is a real estate company that assists consumers in buying and selling properties for a profit.[3]

14. Cactus Home Offer is owned by Christopher Vasquez Rico, an eXp Realty real estate agent.[4] [5]

15. Cactus Home Offer sends telemarketing text messages to solicit its real estate services to consumers, including offers to purchase properties.

16. In a video posted on Youtube, Vasquez was interviewed regarding his success in real estate investing. In this video, Vasquez specifically references cold calling and sending text messages to generate business:

---

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.linkedin.com/company/cactus-home-offer/about/
[4] https://www.ratemyagent.com/real-estate-agent/christopher-vasquez-rico-b1cef9/sales/overview
[5] https://ecorp.azcc.gov/BusinessSearch/BusinessInfo?entityNumber=23286277

CLASS ACTION COMPLAINT
-4-



"So what I figured is I could take some of this money that I just got, we could put it into some marketing, you know, invest in some cold calling, invest in some texting, kind of put a little bit of cold calling or a marketing system behind what I was trying to do and that's exactly what happened…"[7]

17. Cactus Home Offer sends text messages to residential telephone consumers whose numbers are registered on the DNC, who have never provided their phone number to Defendant, and who never consented to receive phone calls from the Defendant.

18. The text messages that Cactus Home Offer sends out are solicitations.

19. Cactus Home Offer states on its website that it purchases homes in as-is condition.[8]

---

[6] https://www.youtube.com/watch?v=N-N7tN1Xtxc
[7] *Id.* – 6 minutes, 39 seconds
[8] https://cactushomeoffer.com/

CLASS ACTION COMPLAINT
-5-

20. When a consumer sells a property to Cactus Home Offer, they will receive less money that they would by selling through a licensed real estate agent or by selling it as a For Sale By Owner so in essence they are paying a fee for a quick sale through transacting with Defendant.

21. As a result of the above, the consumer is incurring a cost based on the depreciated value of the property.

22. Vasquez is a licensed real estate agent for eXp Realty, as was established above. If a consumer wants to sell their property through a real estate agent instead of receiving a cash offer, then Cactus Home Offer can provide this real estate agent service, as per the Linkedin description for Cactus Home Offer:

> **Overview**
>
> We have helped hundreds of clients buy and sell properties. We provide a quick, hassle-free process to selling your home, and we offer multiple paths to doing so. We are proud of our ability to help our clients and to have a positive effect on their lives and the local economy. We work with our clients every step of the way, prioritizing each person's unique needs to find the best deal for them. Even if we don't buy your home, we want to serve you and help you find the best solution for any situation.
>
> **Website**
> https://cactushomeoffer.com/                                                          [9]

23. In response to these text message solicitations, Plaintiff files this class action lawsuit seeking injunctive relief, requiring Defendant to cease from sending unsolicited text messages to consumers' cellular telephone numbers, and otherwise texting consumers registered on the DNC, as well as an award of statutory damages to the members of the Class.

---

[9] https://www.linkedin.com/company/cactus-home-offer/about/

CLASS ACTION COMPLAINT
-6-

## PLAINTIFF WILLIAMSON'S ALLEGATIONS

24. Plaintiff MacDonald registered his cell phone number on the DNC on August 27, 2003.

25. Plaintiff MacDonald is the subscriber and sole user of the cell phone number ending with 5850.

26. Plaintiff MacDonald uses his cell phone number for personal use only as one would use a landline telephone number in a home, to resolve household issues and to communicate with family and friends.

27. The texts that Plaintiff MacDonald received from Defendant Cactus Home Offer were all received more than 31 days after Plaintiff registered his cell phone number on the DNC.

28. On April 17, 2024, Plaintiff MacDonald received an unsolicited text message to his cell phone from 520-657-1033:



29. When 520-657-1033 is dialed, an automated system identifies the company name as Cactus Home Offer.

30. On April 22, 2024 at 11:31 AM, Plaintiff MacDonald received a 2nd unsolicited text message to his cell phone from 520-657-1033:



31. On June 7, 2024 at 11:31 AM, Plaintiff MacDonald received a 3rd unsolicited text message to his cell phone from 520-657-1033:



32. Plaintiff MacDonald has never conducted any business with Defendant Cactus Home Offer, nor has he given his consent to receive telemarketing calls/texts from or on behalf of Defendant Cactus Home Offer.

33. Plaintiff MacDonald was not looking to buy or sell a property when he received text messages from Cactus Home Offer.

34. The unauthorized texts placed by Defendant, as alleged herein, have harmed Plaintiff MacDonald in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

35. Seeking redress for these injuries, MacDonald, on behalf of himself and a Class of similarly situated individuals, brings suit under the Telephone Consumer

Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited calls and text messages to telephone numbers registered on the DNC.

## CLASS ALLEGATIONS

36. Plaintiff Williamson brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action (1) Defendant (or an agent acting on behalf of Defendant) texted more than one time within any 12 month period, (2) on the person's residential telephone number, (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant texted Plaintiff.

37. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

38. **Numerosity**: On information and belief, there are hundreds, if not thousands, of members of the Class such that joinder of all members is impracticable.

39. **Commonality and Predominance**: There are many questions of law and

fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include but are not necessarily limited to the following:

>  (a) whether Defendant systematically sent text messages to Plaintiff and consumers whose telephone numbers were registered with the National Do Not Call registry;
>
>  (b) whether the text messages constitute telemarketing;
>
>  (c) whether Defendant's conduct constitutes a violation of the TCPA;
>
>  (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

40. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Class.

41. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable

only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff MacDonald and the Do Not Call Registry Class)**

42.     Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

43.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government."

44.     47 C.F.R. § 64.1200(e), provides that § 64.1200(c) is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[10]

45.     Any "person who has received more than one telephone call within any 12-

---

[10] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf (last visited Sept. 16, 2022).

month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

46. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, phone call and/or text message solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

47. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one text message in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $1,500 in damages for such violations of 47 C.F.R. § 64.1200.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

b)  An award of money damages and costs;

c)  An order declaring that Defendants' actions, as set out above, violate the TCPA;

d)  An injunction requiring Defendant to cease all unsolicited calls and texting activity and to otherwise protect the interests of the Class; and

e)  Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Williamson requests a jury trial.

**Darren MacDonald**, individually and on behalf of all others similarly situated,

DATED this 24th day of June, 2024.

By: /s/ Nathan Brown
Nathan Brown (SBN 033482)
BROWN PATENT LAW
15100 N 78th Way, Suite 203
Scottsdale, AZ 85260
Phone: 602-529-3474
Email: Nathan.Brown@BrownPatentLaw.com

Rachel E. Kaufman*
KAUFMAN P.A.
rachel@kaufmanpa.com
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*

*\* Pro Hac Vice Motion Forthcoming*

CLASS ACTION COMPLAINT
-14-